## No. 412

KREIGER v. DOYLESTOWN (Vil.)

Ohio Appeals, 9th Dist., Wayne Co.

No. 831. Decided May 6, 1927

799. MUNICIPALITIES—Municipality not liable to individual for injury resulting from negligent and careless manner in which a shooting gallery was operated in public street; even though officers of municipality failed to regulate the manner of its operation.

**First Publication of this Opinion**

FUNK, J.

Otto Kreiger instituted his action originally in the Wayne Common Pleas against the Village of Doylestown to recover damages for loss of the sight of his right eye, the result of being struck by a bullet which had

rebounded from a target, which bullet had been shot from a rifle in a shooting gallery alleged to have been permitted by officers of the village to be operated upon a street of said village.

The village filed a demurrer which was sustained and the case was dismissed. Error was prosecuted and the Court of Appeals held:

1. The complaint was not that the shooting gallery was being operated in the street or that gallery itself was an obstruction that caused the injury; but that the injury was caused by the negligent operation of said shooting gallery and that the village is answerable therefor because such negligent operation was permitted.

2. "It seems to be well settled that an action of negligence against a municipality may not be grounded upon the issuance of a permit by the municipality to persons, or organizations, to explode fireworks - - - both the issuing of such permit and regulation of the exhibition being police regulations and governmental in character." Cleveland v. Ferrando, 114 OS. 209.

3. The municipality is liable for the safe condition of the street itself; but is not liable for its unlawful and improper use. Custer v. New Philadelphia, 20 O. C. C. 177.

4. The most that can be claimed under the allegations of the petition is that the officers of the village took no measures to prevent the negligent operation of a shooting gallery in the public street; but the negligence having reference to the exercise of power by the village officers in their governmental capacity, for which the village is not liable, as distinguished from the exercise of power in their ministerial character.

Judgment affirmed.

(Washburn, PJ., and Pardee, J., concur.)

Attorneys—Weiser & Weimer for Kreiger; A. D. Metz for Village; all of Wooster.